United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50839
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC CHAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-186-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Eric Chan appeals the sentence imposed following his guilty-plea conviction of conspiracy to distribute at least 50 grams of methamphetamine. Chan argues that the district court clearly erred by imposing a two-level increase under U.S.S.G. § 3B1.1(c) for his having played an aggravated role in the offense and that the district court erred in finding that he distributed at least 1.5 kilograms of ice methamphetamine.

Chan contends that he and co-conspirator, Joseph Cantone, were partners, as evidenced by the fact that Cantone took over

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

operation of the business when Chan was incapacitated for several weeks due to a medical condition. Chan did not offer any evidence to support his contention that they split the proceeds from their drug activities. Cantone was identified by Chan and other co-conspirators as a runner for Chan. Given Chan's identification as a source of the drugs and his admissions that he had the contacts necessary to obtain the drugs and that he and Cantone played different roles in the conspiracy, the district court did not clearly err in applying the two-level enhancement under U.S.S.G. § 3B1.1(c). See United States v. Gonzales, 436 F.3d 560, 584 (5th Cir. 2006), cert. denied, 126 S. Ct. 2363 (2006); United States v. Vaquero, 997 F.2d 78, 84 (5th Cir. 1993).

Chan's also contends that only the drugs found at the time of his arrest that were specifically tested for purity may be used to calculate the quantity of ice methamphetamine for which he is responsible is without merit. Over one kilogram of ice methamphetamine was found at Chan's residence at the time of his arrest. One of the co-conspirators, James Neely, Sr., stated that he had purchased one to two pounds a week of ice methamphetamine from Chan during the course of the conspiracy. Additionally, Chan testified at sentencing that he dealt in a high quality methamphetamine, particularly during the last two months of the conspiracy when he was using a new source for the

drugs.  Neely stated that during those two months he purchased approximately nine to twelve pounds of methamphetamine from Chan.

The district court did not clearly err in determining that Chan was responsible for at least 1.5 kilograms of ice methamphetamine under U.S.S.G. § 2D1.1.  See United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005).

AFFIRMED.